# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIETTE MOSTELLER,<br>            Appellant, | DOCKET NUMBER<br>DC-1221-16-0107-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: May 15, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Juliette Mosteller</u>, Glen Burnie, Maryland, pro se.

<u>Richard Johns</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On June 15, 2015, the appellant filed a Board appeal from the agency's decision to remove her from her Program Analyst position in the agency's National Cemetery Administration (NCA), effective May 22, 2015. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 2; *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0865-I-1 (Removal Appeal), Initial Appeal File (0865-I-1 IAF), Tab 10 at 20. During the processing of her Removal Appeal, the appellant submitted copies of letters from the Office of Special Counsel (OSC) dated October 22, 2015, advising her that had closed its investigation into her claims. IAF, Tab 23 at 15-17. She expressed her intent to pursue claims of reprisal relating to personnel actions leading up to her removal. *Id.* at 5-6. The administrative judge thereafter docketed this IRA appeal to address those separate claims. IAF, Tab 1; 0865-I-1 IAF, Tab 26 at 1-3.

In an Order on Jurisdiction, the administrative judge informed the appellant that there was a question about whether the Board has jurisdiction over her appeal, apprised her of her burden of proving jurisdiction over an IRA appeal, and ordered her to file a statement with accompanying evidence on the jurisdictional issue. IAF, Tab 3. In response, the appellant alleged that the Board has jurisdiction because she exhausted her administrative remedies before OSC and suffered reprisal for whistleblowing and other protected activity. IAF, Tab 5 at 4 5. She also raised claims of race and disability discrimination and reprisal for equal employment opportunity (EEO) activity, requested compensatory and punitive damages, and submitted OSC's letters dated September 30 and October 22, 2015, as well as other documents. IAF, Tabs 4-5.

The appellant claims she made disclosures and engaged in activities as follows: (1) on an unspecified date, she filed an OSC complaint in which she reported that her agency was underreporting crimes at its facilities in violation of

the law,[2] 0865-I-1 IAF, Tab 1 at 186; IAF, Tab 5 at 17; (2) in August or September 2014, she reported to a "cemetery director" that cemeteries had stockpiled enough pesticides and fertilizer to make explosive devices, 0865-I-1 IAF, Tab 1 at 186; IAF, Tab 4 at 4, Tab 5 at 5; (3) on September 3, 2014, she emailed the NCA Executive Director and the NCA Deputy Undersecretary for Management that the agency's contingency plans were outdated and not in compliance with the Federal Continuity Directive and department directives, 0865-I-1 IAF, Tab 1 at 95; IAF, Tab 4 at 4; (4) on or about September or October 2014, she filed a complaint with the Office of Inspector General (OIG) and the Office of Security Preparedness (OSP) that various NCA emergency plans were inadequate, *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0865-I-2, Appeal File (0865-I-2 AF), Hearing Transcript, dated June 27, 2017 (HT-2) at 34-38; IAF, Tab 23 at 15; (5) on an unspecified date she filed an OIG complaint, in which she complained that her reassignment/detail was an "unnecessary duplication of effort," 0865-I-1 IAF, Tab 23 at 15; IAF, Tab 5 at 7-16; (6) in November 2014, she filed a complaint with the Office of Security and Law Enforcement (OSLE) alleging that her direct supervisor, the NCA Program Manager, hit her during a meeting on October 21, 2014, and that she regularly hit her, 0865-I-2 IAF, Tab 28 at 108-09, Tab 23 at 15; (7) on an unspecified date, she disclosed that her third-level supervisor, the NCA Deputy Undersecretary for Management, violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and lied during an Administrative Investigation Board (AIB) investigation by characterizing her as a bad performer and stating that she was on a performance improvement plan (PIP), 0865-I-1 IAF, Tab 1 at 188, Tab 23 at 15; (8) in September 2014 or February 2015, she informed the Secretary of the agency that senior managers lacked candor and engaged in racially discriminatory hiring and disciplinary actions, 0865-I-1 IAF, Tab 1 at 188, Tab 23 at 15; IAF,

---

[2] The appellant does not appear to have provided any additional information regarding this earlier OSC complaint, including the date or whether OSC ever issued her a close-out letter.

Tab 5 at 5; and (9) on an unspecified date after the April 6, 2015 proposed removal, she filed the underlying OSC complaint, which was assigned the complaint number MA-15-3632.  0865-I-1 IAF, Tab 1 at 186-89.  Lastly, in the appellant's OSC complaint she alleged that in December 2014 she complained to the Office of Personnel Management (OPM) of gross mismanagement, including that the NCA Executive Director falsified an official Government document by certifying on the appellant's Standard Form (SF) 50 that the position she was reassigned or detailed to was "necessary to carryout Government business," when the appellant was "double slotted" with another employee and assigned duties that were being accomplished by the Office of Human Resources Management (OHRM).  0865-I-1 IAF, Tab 1 at 186-87; IAF, Tab 5 at 4-5.

According to the appellant, as a result of her disclosures and activity, she was subjected to retaliation, including the following:  (1) on unspecified dates, she was subjected to a hostile work environment and humiliation, IAF, Tab 4 at 4; (2) on unspecified dates, agency officials made defamatory statements about her, *id*.; (3) on unspecified dates, she was denied training, *id*.; (4) on September 25, 2014, the agency issued her a letter of reprimand, 0865-I-1 IAF, Tab 10 at 167-68; IAF, Tab 4 at 4; (5) on October 12, 2014, the appellant was reassigned or detailed from her position as the Emergency Preparedness Coordinator to a position in OHRM and her telework privileges were removed, IAF, Tab 4 at 4, Tab 5 at 9, 15; (6) on March 13, 2015, the agency suspended her for 14 days, 0865-I-1 IAF, Tab 10 at 167-68; IAF, Tab 4 at 4; and (7) on May 23, 2015, the agency removed her from her position and deprived her of the ability to respond to the charges, 0865-I-1 IAF, Tab 10 at 21-23; IAF, Tab 4 at 4.  Lastly, the appellant alleges that in 2014, management banned her from the building, released her Personal Identifiable Information (PII), the NCA Executive Director referred to her as the "navy yard shooter," she was locked out of the building at least twice, and the NCA Deputy Undersecretary for Management told her he

would only consider her request for a reasonable accommodation if she "dropped [her] EO claims." IAF, Tab 5 at 5.

The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 7-10. The appellant filed a request to suspend case processing for 60 days to obtain further information from OSC; however, she did not file an additional submission during the 1-year period following her request and before the issuance of the initial decision. IAF, Tab 7.

Based on the written record, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction. ID at 1, 14. Specifically, he found that the appellant proved that she exhausted her administrative remedies before OSC regarding the claims of reprisal for whistleblowing and other protected activity summarized in OSC's letters. ID at 7-8. However, he found that she failed to prove exhaustion of her OSC remedy regarding the additional claims raised in her jurisdictional response, in particular her alleged disclosure to OPM that an agency official had falsified an official Government document and the alleged retaliatory personnel actions of being banned from and locked out of a building. ID at 8. He further found that she failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action. ID at 8-14.

The appellant has filed a petition for review challenging the administrative judge's jurisdictional findings and asserting adjudicatory bias. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing her petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations[3] that (1) she made a protected disclosure described under 5 U.S.C.

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

§ 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Id.*

The administrative judge erred in finding that the appellant had not exhausted all her alleged disclosures.

The administrative judge found that the appellant exhausted her alleged disclosures and activities with OSC, with one exception, i.e., the December 2014 complaint to OPM that the NCA Executive Director falsified an official Government document by certifying on the appellant's SF-50 that the position she was reassigned or detailed to was "necessary to carryout Government business," when the appellant was "double slotted" with another employee and assigned duties that were being accomplished by the OHRM. ID at 8. The appellant challenges this finding on review. PFR File, Tab 1 at 4. The parties do not dispute the administrative judge's determination that the appellant exhausted the remaining matters, and we discern no basis to disturb those findings on review.[4] IAF, Tab 4 at 4. We further conclude that the appellant exhausted the December 2014 alleged disclosure.

An appellant satisfies the exhaustion requirement when she has provided OSC with a sufficient basis to pursue an investigation into her allegations of whistleblower reprisal. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (citations omitted). An appellant may demonstrate

---

[4] Similarly, the appellant does not challenge and we find no basis to disturb the administrative judge's finding that the appellant failed to exhaust with OSC her remaining alleged personnel action, i.e., that in 2014 management banned her from the building, released her PII, referred to her as the "navy yard shooter," locked her out of the building at least twice, and told her that her request for a reasonable accommodation would only be considered if she "dropped [her] EO claims." ID at 8.

exhaustion through her initial OSC complaint or correspondence with OSC. *Id.,* ¶ 11. Alternatively, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her appeal. *Id.* (citation omitted). An appellant must prove exhaustion by preponderant evidence. *Id.*

With the appellant's initial appeal, she provided a copy of her OSC complaint, which she declared under penalty of perjury that she submitted to OSC.[5]  0865-I-1 IAF, Tab 1 at 6, 186-89; PFR File, Tab 1 at 4. The OSC complaint essentially contains the substance of the allegations of her alleged December 2014 OPM complaint. For instance, she alleged that, "the position to which she was assigned was one that was not needed by the Administration; it was a position whose responsibilities were being covered by [OHRM]," she was "double slotted" with another employee, and therefore, her first-level supervisor "exercised lack of candor when she signed the SF52 stating that the position was required to accomplish the mission of the organization." 0865-I-1 IAF, Tab 1 at 186-87 (punctuation as in the original). Accordingly, we find that the appellant established by preponderant evidence that she exhausted her December 2014 alleged disclosure.

The administrative judge erred in finding that the appellant failed to make nonfrivolous allegations that he engaged in protected activity.

In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that any of her communications, including her OIG and OSC complaints, constituted protected activity. ID at 13 & n.12. The parties do not dispute the administrative judge's finding on review. Nonetheless, we revisit it here because the issue of the Board's jurisdiction is always before it and

---

[5] As indicated above, the administrative judge subsequently docketed this separate IRA appeal sua sponte. 0865-I-1 IAF, Tab 26, Initial Decision at 3; IAF, Tab 2 at 2. A copy of the appellant's initial appeal is contained only in her removal appeal file, and therefore we cite to that file here.

may be raised sua sponte by the Board at any time during a Board proceeding. *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 8 (2013).

In our Remand Order in the appellant's 2015 Removal Appeal, we have concluded that the appellant proved by preponderant evidence that she engaged in the following protected activities under 5 U.S.C. § 2302(b)(9): (1) on an unspecified date, she filed an OSC complaint in which she alleged that the agency was "under reporting crimes at its facilities," in violation of the law, 0865-I-1 IAF, Tab 1 at 186; (4) on or about September or October 2014, she filed a complaint with the OIG and the OSP that various NCA emergency plans were inadequate, 0865-I-2 AF, HT-2 at 34-38; 0865-I-1 IAF, Tab 23 at 15; (5) on an unspecified date, she filed an OIG complaint, in which she complained that her reassignment/detail was an "unnecessary duplication of effort," 0865-I-1 IAF, Tab 23 at 15; IAF, Tab 5 at 7-16; and (9) on an unspecified date after the April 6, 2015 proposed removal, she filed the underlying OSC complaint (MA-15-3632), 0865-I-1 IAF, Tab 1 at 186-89.[6] The nonfrivolous allegation standard needed to establish jurisdiction here is lower than the preponderance of the evidence standard needed to prove the appellant's claims on the merits. *See Ingram v. Department of the Army*, 114 M.S.P.R. 43, ¶¶ 10, 20 (2010) (explaining that an appellant who made nonfrivolous allegations that he made a protected disclosure that was a contributing factor in a personnel action was required to prove his claims on the merits by preponderant evidence). Because in the 2015 Removal Appeal we found that the appellant proved that she engaged in this protected activity by preponderant evidence, we find that she necessarily met her jurisdictional burden with respect to the same claims.

With respect to the appellant's alleged protected disclosures (2) and (6), in the 2015 Removal Appeal, we concluded that the appellant did not prove by preponderant evidence that she made protected disclosures. However, that

---

[6] For the sake of clarity, we will continue to use the numbering we assigned to the appellant's disclosures and activities earlier in this decision. *See supra*.

decision is not final because it was remanded in order for the administrative judge to make findings in the first instance regarding whether the appellant established that her remaining disclosures (3), (7), (8), and (10) were protected, whether the remaining protected disclosures and activities were a contributing factor in her removal, and if so, to reevaluate whether the agency proved by clear and convincing evidence that it would have removed the appellant absent her protected disclosures and activities. We need not decide here whether the appellant has nonfrivolously alleged that she made protected disclosures with respect to those complaints, because as discussed below, we find that the appellant has established jurisdiction because she has nonfrivolously alleged that at least one of her alleged protected activities was a contributing factor in at least one alleged personnel action.

<u>The administrative judge erred in finding that the appellant failed to nonfrivolously allege that her protected activity was a contributing factor in a personnel action.</u>

The administrative judge concluded that the appellant failed to nonfrivolously allege that her alleged protected disclosures or activity contributed to a personnel action. ID at 13. We disagree.

An appellant's protected disclosure or activity is a contributing factor if it in any way affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which she submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. The Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's

disclosures or activity satisfies the timing portion of the knowledge/timing test. *Id.*

The appellant alleged that she filed a complaint with the OSP and eventually the OIG that various NCA emergency plans were inadequate and testified, during the hearing in her 2015 Removal Appeal, that she filed this complaint on or about September or October 2014. 0865-I-2 AF, HT-2 at 34-38; 0865-I-1 IAF, Tab 23 at 15. She also alleged that on March 13, 2015, she was issued a 14-day suspension in retaliation for her alleged protected disclosures and activities, including her OIG complaint. IAF, Tab 4 at 4; 0865-I-1 IAF, Tab 10 at 132-33. Therefore, the appellant's allegations are sufficient to meet her jurisdictional burden as to the timing prong of the knowledge/timing test as it concerns her 14-day suspension.

We also conclude that the appellant nonfrivolously alleged that the agency official who issued the decision on her 14-day suspension had direct knowledge of the appellant's October 2014 OIG complaint. Specifically, during the hearing in the 2015 Removal Appeal, the deciding official who was also the NCA Executive Director and the appellant's second-line supervisor testified that she was aware the appellant complained to the OIG about "emergency planning things." 0865-I-2 AF, HT-1 at 40. Thus, the appellant has made nonfrivolous allegations regarding the knowledge prong of the knowledge/timing test.

In cases such as this one, when the appellant has alleged multiple personnel actions, the Board has jurisdiction if the appellant exhausts her administrative remedies before OSC and makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure or activity. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 13. Therefore, we find it appropriate to remand this appeal for a determination on the merits.[7]

---

[7] The appellant contends that the administrative judge was biased because he dismissed all of her claims, determined that she "did not explain her dismissal for lack of candor," and was aware of her former position and duties from her separate removal appeal. PFR

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order. Because the appellant's alleged protected disclosures and activities in this appeal overlap with those in the 2015 Removal Appeal, on remand the Washington Regional Office may wish to join the appeals.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

File, Tab 1 at 5. The Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Here, to the extent the appellant is claiming that she cannot obtain a fair ruling because the administrative judge is familiar with the facts surrounding her separate removal appeal, we find that this broad allegation of bias is insufficient to rebut the presumption of his honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (observing that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).